**BRIAN D. SHAPIRO**  
Trustee in Bankruptcy  
411 E. Bonneville Ave., Suite 300  
Las Vegas, NV 89101  
(702) 386-8600 Fax (702) 383-0994  
trustee@trusteeshapiro.com

E-filed: July 22, 2010

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In Re:<br><br>MIGUEL CHAVEZ,<br><br><br>Debtor(s). | Chapter 7<br>Case No. 10-10632-MKN<br><br>**TRUSTEE'S MOTION FOR TURNOVER OF NON-EXEMPT FUNDS IN ADDITION TO MOTION TO EXTEND TIME TO OBJECT TO DISCHARGE**<br><br>Hearing Date: September 1, 2010<br>Hearing Time: 11:00 a.m. |

BRIAN D. SHAPIRO, Chapter 7 Trustee ("Trustee") in the above-styled Bankruptcy Case, hereby requests this Court to order Miguel Chavez ("Debtor") to turnover the funds from his spouse's 2009 Federal Income Tax Refund (the "Tax Refund") and funds equivalent to the value of the non-exempt portion of a 2000 Dodge Durango (the "Durango"). The Trustee further requests the this Court to order the Debtor to turnover statements for his Weststar Credit Union checking and savings accounts covering the date of his bankruptcy filing. The Trustee further requests the Court to extend the time for the Chapter 7 Trustee to object to discharge, dischargeability of debts, or to file a motion seeking dismissal pursuant to 11 U.S.C. §727 . This Motion is based upon the attached points and authorities, the Declaration in Support and any oral argument that this Court may permit.

DATED this 21st day of July, 2010.

/s/ Brian D. Shapiro  
BRIAN D. SHAPIRO, TRUSTEE

-1-

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Statement of Facts

1. On January 18, 2010 Debtor filed a Chapter 7 Bankruptcy Proceeding. See generally, Declaration of Brian D. Shapiro in Support.

2. Concurrently, Brian D. Shapiro was appointed as the Chapter 7 Trustee. Id.

3. The §341 meeting of creditors was concluded on February 22, 2010. Id.

4. Debtor's spouse was entitled to a Tax Refund in the amount of $8,150.00. Id. A copy of Debtor's spouse's 2009 Federal Income Tax Return attached to the Trustee's Declaration in support as EXHIBIT 1.

5. The Tax Refund was received via direct deposit on January 29, 2010. Id. A copy of Debtor's spouse's Refund Status Results is attached to the Trustee's Declaration in support as EXHIBIT 2.

6. Debtor has claimed no exemption in the Tax Refund. Id. A Copy of Debtor's Schedule C is attached to the Trustee's Declaration in support as EXHIBIT 3.

7. Debtor has $1,377.50 in non-exempt equity in a 2002 Dodge Durango. Id. Copy of Debtor's Schedule C is attached to the Trustee's Declaration in support as EXHIBIT 3.

8. Debtor has failed to comply with the Trustee's request for turnover of non-exempt funds from the Tax Refund and the Durango. Id.

9. Debtor has further failed to comply with the Trustee's request for copies of his Weststar Credit Union checking and savings account statements covering the date of his bankruptcy filing. Id.

**10.** The bar date to file a complaint objecting to the Debtors' discharge is <u>July 22, 2010</u>. <u>Id.</u>

## II. Legal Argument

### 1. Motion for Turnover of Non-Exempt Funds

11 U.S.C. §541 compels an entity, in possession, custody or control of the property of the estate to turn the same over to the Trustee upon demand. Likewise, pursuant to §521(c)(3), the Debtor is required to "surrender to the trustee all property of the estate…"

Moreover, §542(a) further provides that "an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property *or the value of such property*, unless such property is of inconsequential value or benefit to the estate." (Italics added).

As set forth above, after the date of his Bankruptcy filing Debtor and his spouse were in receipt of $8,150.00 from the spouse's Tax Refund, which is property of the Bankruptcy Estate. The Trustee requests the Court to order that funds equal to the value of the Tax Refund be turned over to the Trustee. Moreover, at the time of his Bankruptcy filing, Debtor was in possession of a 2002 Dodge Durango, the value of which exceeded his exemptions. The Trustee requests the Court to order that funds equal to the non-exempt equity in the Durango (i.e. $1,377.50) be turned over to the Trustee. Finally, the Trustee requests turnover of Debtor's Weststar Credit Union checking and savings account statements covering the date of his Bankruptcy filing.

///

///

### 2. Motion to Extend Time to Object to Discharge

Bankruptcy Rule 4004(b) provides that:

> On Motion of any party in interest, after hearing on notice, the court may for cause extend the time for filing a complaint objecting to discharge. The motion shall be made before such time has elapsed.

Moreover, 11 U.S.C. 105(a) provides that this court may issue any order… that is necessary or appropriate to carry out the provision of this title. The bar date for the Trustee to file a complaint objecting to Debtors' discharge is July 22, 2010. Therefore, this motion is timely filed.

The Debtors have failed to turnover non-exempt funds and bank statements requested by the Trustee as set forth above. Consequently, the time should be extended for the Trustee to object to discharge for an additional sixty (60) days after the date of this hearing (up to and including November 1, 2010).

### III. Conclusion

The Trustee respectfully requests, based upon due process, as well as the above referenced statutory law, that the Court order the Debtors to turnover $9,527.50 to the Trustee. The Trustee further requests that the Court extend the time for the Trustee to oppose the discharge of the Debtor up to and including November 1, 2010.

DATED this 21st day of July, 2010.

/s/ Brian D. Shapiro
BRIAN D. SHAPIRO, TRUSTEE

-4-